**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

RESPONSIBLE OFFSHORE DEVELOPMENT ALLIANCE

Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*

Defendants,

and

VINEYARD WIND I, LLC

Intervenor Defendant

Civil Action No. 1:22-cv-11172-IT

Hon. Indira Talwani

REQUEST FOR ORAL ARGUMENT

**VINEYARD WIND 1 LLC'S MOTION FOR SUMMARY JUDGMENT**

Intervenor-Defendant Vineyard Wind 1 LLC ("Vineyard Wind" or "Intervenor") hereby cross-moves, pursuant to Fed. R. Civ. P. 56, for summary judgment against Plaintiffs Responsible Offshore Development Alliance ("RODA") as to all claims asserted in Plaintiffs' Complaint, ECF No. 1. As grounds for this motion, Vineyard Wind states as follows:

1. Plaintiffs have filed a motion for summary judgment in this matter, *see* ECF No. 52 ("Motion"), arguing that the original defendants in this action (the "Federal Defendants") violated the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq*., Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq*., Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*., National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*., Marine Mammal Protection Act, 16 U.S.C. § 1361 *et seq*., Merchant Marine Act, 46 U.S.C. § 30104 *et seq*., and the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.* in approving the Construction and Operations Plan and issuing a Department of Army permit, a Biological Opinion ("BiOp")

and Final Environmental Impact Statement ("Final EIS") for the Vineyard Wind offshore wind energy project (the "Project").

2. Not only should the Court deny Plaintiffs' Motion, but it should grant summary judgment in Vineyard Wind's favor as to all of the Plaintiffs' claims, for a number of reasons. First, Plaintiffs lack Article III standing because, among other things, they have submitted no evidence that the Vineyard Wind Project would cause a concrete and particularized injury to RODA itself rather than, or in addition to, its members. Second, Plaintiffs' claims all fail because Plaintiffs' premise that the Federal Government "largely ignored" RODA's suggestions about mitigating the impact of the Project on fishing and the environment is demonstrably false. The administrative record amply supports Vineyard Wind's minimization measures and demonstrates Federal Defendants' consideration of RODA's input.

3. Vineyard Wind's grounds for this cross-motion for summary judgment are further set forth in Vineyard Wind's Memorandum of Law in Support of Its Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment ("Memorandum"), which Vineyard Wind references and incorporates fully in this motion. The Memorandum also incorporates by reference the arguments presented in Federal Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, and in Support of Cross Motion, ECF No. 60.

4. Vineyard Wind further incorporates and relies upon as grounds for this motion: (1) Intervenor-Defendant Vineyard Wind 1 LLC's Response to Plaintiff's Rule 56.1 Statement of Facts in Support of Plaintiff's Motion for Summary Judgment, filed concurrently herewith; (2) Intervenor-Defendant Vineyard Wind 1 LLC's Rule 56.1 Statement of Undisputed Material Facts in Support of Vineyard Wind 1 LLC's Motion for Summary Judgment, filed concurrently

herewith; (3) unless otherwise noted in Vineyard Wind's Response, facts identified in Federal Defendants' Statement of Undisputed Material Facts in Support of Federal Defendants' Motion for Summary Judgment, ECF No. 61, and Federal Defendants' Response to Plaintiffs' Statement of Facts, ECF No. 63; (4) to the extent not otherwise disputed in Vineyard Wind's Response, certain facts identified in Plaintiffs' Rule 56.1 Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment, ECF No. 54; (5) the administrative records previously filed by Federal Defendants; (6) the joint appendix to be filed by the parties pursuant to this Court's Order, ECF No. 57; and (7) the arguments of counsel at the time of the Court's hearing.

WHEREFORE, Vineyard Wind respectfully requests that the Court grant summary judgment in its favor on all of Plaintiffs' claims set forth in the Complaint (ECF No. 1).

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Vineyard Wind hereby requests oral argument on this motion.

Dated: December 27, 2022

Respectfully submitted,

Jack W. Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com

*Counsel for Vineyard Wind 1 LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of December 2022, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record for Plaintiff and Defendants via the Court's electronic filing system.

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo