IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RESPONSIBLE OFFSHORE DEVELOPMENT ALLIANCE,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>      Defendants,<br><br>v.<br><br>VINEYARD WIND 1 LLC,<br><br>      Intervenor-Defendant | Civil Action No. 1:22-cv-11172-IT<br><br>Hon. Indira Talwani<br><br>ORAL ARGUMENT REQUESTED |

**OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* BRIEF OF CLEAN OCEAN ACTION, INC.**

  Intervenor-Defendant Vineyard Wind 1 LLC ("Vineyard Wind") respectfully submits that the motion of Clean Ocean Action, Inc. ("COA") to file an amicus brief (Doc. No. 82) should be denied under the reasoning of the Court's decision denying the motion by American Clean Power Association and National Ocean Industries Association to file an amicus brief in *Nantucket Residents Against Turbines v. United States Bureau of Ocean Energy Management*, No. 1:21-cv-11390-IT (Oct. 26, 2022) (Doc. No. 110). The Court denied amicus participation there because the "perspective of other offshore wind lessees on the Outer Continental Shelf is outside the record properly before the district court." *Id.* That same rationale applies to COA's motion.

  COA's interest in improving the "water quality of the marine waters off the New Jersey/New York coast, an area of the North Atlantic known as the NY/NJ Bight, for all forms of life" is not relevant to, and is outside the record of, the federal approvals of the Vineyard Wind Project, which will be constructed in the Outer Continental Shelf off the coast of Massachusetts.

Doc. No. 82 at 2. Indeed, while COA's proposed amicus brief raises numerous objections to the federal approvals of the Vineyard Wind Project, *see* Doc. No. 82-1 at 4–20, it does not claim that COA ever raised these objections in the agency proceedings addressing this Project.

COA also claims to have an interest in ensuring that the federal review process for future offshore wind projects in the NY/NJ Bight "is in accordance with federal laws that protect the ocean environment, marine life and human interests." Doc. No. 82 at 3. But that interest, too, is "outside the record properly before" this Court. *Nantucket Residents*, Doc. No. 110. The appropriate way for COA to raise concerns about future offshore wind projects in New York and New Jersey is, first, to participate in the agency proceedings on those projects and then, if and when federal approvals issue, to challenge those federal approvals that COA thinks are unlawful; it is not to file an amicus brief in litigation challenging the Vineyard Wind Project.

Dated: February 3, 2023

Respectfully submitted,

David T. Buente, Jr. (*pro hac vice*)
Peter C. Whitfield (*pro hac vice*)
James R. Wedeking (*pro hac vice*)
Brooklyn N. Hildebrandt (*pro hac vice*)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
dbuente@sidley.com
pwhitfield@sidley.com
jwedeking@sidley.com
bhildebrandt@sidley.com

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
Sidley Austin LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com

*Counsel for Vineyard Wind 1 LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February 2023, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record via the Court's electronic filing system.

/s/  Jack W. Pirozzolo
Jack W. Pirozzolo